## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
  Plaintiff,

v.

LUIS RODRIGUEZ RIVERA,
  Defendant.

Criminal  No. 05-321 (HL)

## OPINION AND ORDER

Before the Court is a motion titled "Motion for New Trial"[1] requesting this Court to "set aside the jury verdict of conviction in the second count of the indictment for insufficient evidence and inconsistent verdicts." (Docket No. 78).   In essence, the Defendant Luis Rodriguez first argues the jury verdict entered against him on Count Two for the substantive crime of demanding and receiving bribes is inconsistent with his acquittal on Count One for conspiracy.   Rodriguez further claims the Government did not present sufficient evidence for a jury to find that him guilty of bribery.  Having considered the parties' submissions, Defendant's motion to set aside the jury verdict is denied.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 28, 2005, a federal grand jury indicted Defendant Rodriguez on two counts.  The first count charged Rodriguez with conspiring with others to demand and accept bribe payments with the intent to be influenced in the performance of an official act, in violation of 18 U.S.C. § 371.  The second count charged Defendant with demanding,

---

[1]While titled "Motion for a new trial", defendant's prayer for relief requests this Court to set aside Count Two of the jury verdict.  Accordingly, the Court will consider Defendant's motion as a Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

2

seeking, receiving, accepting or agreeing to receive or accept a bribe in return for being influenced in the performance of any official act, in violation of 18 U.S.C. §201(b)(2)(A). Following a five-day trial, the jury entered a verdict of not guilty on the conspiracy count (Count One) and a guilty verdict on the substantive bribery count (Count Two) on August 22, 2006.

The relevant  facts presented at trial are as follows: The United States Small Business Administration ("SBA") is a federal agency created to aid, counsel, assist and protect the interest of small businesses.  The SBA's 8(a)'s Development Business Program is a program created to help small disadvantaged businesses compete in the economy and access the federal procurement market.  Part of this program allows qualified contractors to receive sole-source government contracts that are not open to a competitive bidding process.

From 1996-2004, Defendant Luis Rodriguez was the Assistant District Director for the SBA's 8(a) Business Development Program in Puerto Rico and the U.S. Virgin Islands. As the Assistant District Director, Rodriguez had authority to recommend 8(a) contractors to contracting agencies.  Albith Colon ("Colon") was the president and owner of Gate Engineering, an 8(a) contractor that participated in the SBA's Business Development Program.  From August 2000 to December 2003, Gate Engineering received an excess of nine million dollars from contract awards, options and extensions.  These contracts were sole-source contracts and were not awarded through a competitive bidding process.  During this same period, Gate Engineering was the contractor that received the greatest amount of revenue in 8(a) contracts.

During the later half of 2000, Luis Lopez Luna ("Lopez"), a mutual acquaintance of both Rodriguez and Colon, told Colon that Rodriguez was going through financial problems resulting from a divorce.  Lopez told  Colon to make cash payments to him that he in turn would deliver to Rodriguez.  Lopez emphasized to Colon that Gate Engineering's existing and future contracts could be affected.  As a result of this conversation, Colon began making cash payments to Lopez, with the understanding that Lopez would then  give the funds to Rodriguez.  Soon after Rodriguez requested the cash payment be made directly to him.

3

Colon agreed and began making cash payments directly to Rodriguez.  Rodriguez testified that the cash payments he received from Colon were simply an act of friendship.  Colon, on the other hand, testified that he agreed to pay Rodriguez money in order to obtain 8(a) contracts for Gate Engineering and to obtain Rodriguez's approval for extensions and options.

## STANDARD OF REVIEW

The Federal Rules of Criminal Procedure provide that a Court may set aside a jury verdict of guilty and enter judgement of acquittal upon a motion for judgment of acquittal. Fed.R.Crim.P. 29(c).  When ruling on such a motion a Court must "scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt." *United States v. Taylor*, 54 F.3d 967, 974 (1st Cir. 1995).  In assessing the sufficiency of the evidence, a "trial judge must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the judge must choose the inference that best fits the prosecutions's theory of guilt." *United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995).  Consequently, "[i]t is not necessary for the government to disprove every reasonable hypothesis of innocence, provided that the record as a whole supports the conclusion of guilt beyond a reasonable doubt.*" United States v. Cuevas-Esquivel*, 905 F.2d 510, 514 (1st Cir. 1990).

## DISCUSSION

Defendant moves to set aside the jury's bribery verdict entered against him on two grounds: (1) it is inconsistent with his conspiracy acquittal, and (2) there was insufficient evidence for a jury to find the Defendant committed bribery beyond a reasonable doubt. The Court addresses and rejects these arguments in turn.

4

### I. *Inconsistent Verdicts*

The Supreme Court has held "that a criminal defendant convicted by a jury on one count could not attack the conviction because it was inconsistent with the jury's verdict of acquittal on another count." *United States v. Powell*, 469 U.S. 57, 58 (1984) (unanimous decision) *citing Dunn v. United States*, 284 U.S. 390, 393-4 (1932).  This holding, commonly referred to as the "Dunn rule" stands for the proposition that consistency among verdicts is not necessary in criminal trials.  Fifty-two years later, the Supreme Court in *Powell* reiterated that jury verdicts should be insulated from review on the grounds of inconsistency.  *Powell*, 469 US at 68-69.   The rationale behind this rule is that

> [i]nconsistent verdicts...present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored.  Given this uncertainty, and the fact the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow a defendant to receive a new trial on the conviction as a matter of course.

*Id.* at 65; *see also id.* at 66 ("The fact that inconsistency may be the result of lenity, coupled with the Government's inability in invoke review, suggests that inconsistent verdicts should not be reviewable.").

The Dunn rule is fully applicable to the case at hand.  Even if the verdicts cannot be reconciled, as Defendant argues, there is no reason this Court should vacate Defendant's bribery conviction in light of his conspiracy acquittal.  In doing so, this Court would engage in impermissible speculation, requiring inquiry into the jury's deliberations, "a task that courts generally will not undertake." *Id.* at 67.  However,  refusing to vacate an allegedly inconsistent verdict does not leave a criminal defendant unprotected from jury irrationality or error.  On the contrary, both the trial and appellate courts can independently review the sufficiency of the evidence with respect to the guilty verdict.  Such a "review involves an assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." *Id.*   Accordingly, the Court now turns to whether the Government presented sufficient evidence to support a guilty verdict on the bribery charge.

5

## II. Sufficiency of the Evidence

Defendant asserts the Government did not present sufficient evidence for the jury to legally find that Defendant Rodriguez committed bribery beyond a reasonable doubt in violation 18 U.S.C §201(b)(2)(A).  To find the Defendant guilty of receiving a bribe in violation of 18 U.S.C §201(b)(2)(A), the Government needed to prove two elements: (1) that the defendant, a public official, directly or indirectly demanded, sought, received, accepted, agreed to receive or accept, personally or for another person, something of value; and (2) the defendant did so corruptly in return for being influenced in his performance of an official act.

Defendant do not dispute that he received in excess of thirty thousand dollars from Colon during a period of the time when Colon had contracts with federal agencies under the 8(A) Business Development Program of the SBA.  Defendant also concedes that during the period he was receiving money from Colon, Colon received in excess of nine million dollars in contracts, options and extensions from federal agencies.  Lastly, Defendant also admits that Colon's excessive extensions of contracts were not the normal procedure of the SBA. Despite these admissions, Defendant argues that he accepted the funds as an act of friendship without promising anything in return.

Specifically, Defendant argues the Government did not present sufficient evidence of corrupt intent.  Rodriguez relies on the testimony of Colon to support the proposition that he never demanded money in exchange for the contracts.  Rodriguez claims that Colon's admissions as an alleged co-conspirator, coupled with the jury verdict of not guilty on the conspiracy count, undermine the verdict of guilty in the companion bribery count.  This argument, however, is misguided.  In assessing the sufficiency of the evidence for the bribery verdict, the court does not take into consideration Rodriguez's conspiracy acquittal. The inquiry here is limited to whether the Government presented sufficient evidence that Rodriguez engaged in bribery.  In making this determination, the Court will only consider the evidence presented at trial, not the jury verdict of a companion conspiracy count.

In determining whether the government has presented sufficient evidence that Rodriguez engaged in bribery,  this Court will resolve all credibility questions and

6

competing inferences in favor of the verdict. *Obres,* 61 F.3d at 970.  It is undisputed that Rodriguez was the Assistant District Director at SBA at the time he received and accepted payments from Colon.  Consequently, the Government presented sufficient evidence regarding the first element bribery under 18 U.S.C §201(b)(2)(A), mainly that Rodriguez was a public official that directly or indirectly demanded, received and accepted money. The Court now turns to whether the Government presented sufficient evidence that the Defendant corruptly accepted Colon's payments in return for being influenced in his performance of an official act.  *See* 18 U.S.C §201(b)(2)(A).

During the course of the trial, the Government presented the testimony of Colon, a cooperating witness, who stated it was his understanding that in order to receive an 8(a) contract, approval from Defendant Rodriguez was necessary.  Colon further testified that he began to make payments to Rodriguez after a mutual friend, Lopez, told him to do so and stressed it could affect Gate Engineering's existing and future 8(a) contracts.  According to Colon, Lopez stated "that this was the way it had to be."  Furthermore, Lopez instructed Colon to make the payments to Rodriguez in cash in order to avoid a paper trail of evidence. After Colon began making the payments, Gate Engineering was awarded additional 8(a) contracts.

The procedure used to deliver the bribe payments was as follows: Defendant would call Colon approximately every month or every two months, requesting a meeting.  Upon receiving such a call, Colon would cash an expense check and deliver a portion of the cash, ranging from $1,500.00 to $2,000.00, to the Defendant.  The delivery of the money always took place outside the SBA office or during non-working hours.   Colon testified that he followed this procedure and never told anyone of the payments because he knew it was illegal.

Through the testimony of Albith Colon, the Government presented sufficient evidence so that a reasonable jury could find Defendant Rodriguez guilt of bribery beyond a reasonable doubt.  The testimony of Colon, along with the reasonable inferences drawn from it, provides sufficient basis to find the Defendant possessed the requisite corrupt intent.  The Government, however,  presented additional evidence that Gate Engineering, a mechanical

7

and electrical engineering company, was awarded an 8(a) contract for janitorial services, an area outside its scope of expertise.  The Defendant himself, even recognized that the practice of continually extending Gate Engineering's contracts was "neither normal or typical." Lastly, the Government presented the recording of the Defendant where he admitted to Colon that if the money could be tied to him, he would be in trouble.  While Defendant denied explicitly demanding Colon to pay money in exchange for 8(a) contracts, a plausible view of the all evidence presented at trial supports a jury finding that Rodriguez accepted Colon's payment in exchange for the preferential treatment of Gate Engineering when awarding 8(a) contracts.

While Defendant  presented evidence and claims that the cash payments he received from Colon simply constituted an act of friendship and were not intended to influence his performance as assistant district director of SBA's 8(a) Business Development Program, the jury made a credibility determination and rendered a guilty verdict.  Defendant's argument that the payments were an act of friendship does not outweigh the plethora of evidence presented by Government so that a reasonable jury could not find Defendant Rodriguez guilty of bribery.   Therefore, "[t]he jury acted well within its proper province in rejecting the somewhat fanciful claim that [defendant] received a considerable sum of money due to friendship with a man who just happened to be a beneficiary of his official acts."  *United States v. Cruz Arroyo*, 461 F.3d 69, 75 (1st Cir. 2006).  Consequently, after reviewing the evidence and resolving all credibility disputes in the verdict's favor, this Court finds that a rational jury could find Defendant Rodriguez guilty of bribery beyond a reasonable doubt.

## CONCLUSION

**WHEREFORE,** Defendant's Motion to set aside the jury verdict of conviction in the second count is **denied**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 13, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge